IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| ESMERALDA RODRIGUEZ, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-15-643-R |
| METLIFE INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

### ORDER

Before the Court is Plaintiff Esmerelda Rodriguez's Motion for Attorney's Fees and Costs (Doc. No. 27). Plaintiff seeks attorney's fees based on her status as the prevailing party in her claim pursuant to the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. § 8701, et seq. Doc. Nos. 27, 36. Defendant MetLife Insurance Company opposes the motion on the grounds that FEGLIA does not provide for attorney's fees and preempts state law. Doc. Nos. 29, 39. Having considered the parties' submissions, the Court DENIES Plaintiff's Motion.

I. Relevant Background

FEGLIA establishes a life insurance program for federal employees, the Federal Employees' Group Life Insurance Program (the "Policy"). Plaintiff brought claims under FEGLIA to determine whether she was entitled to benefits as a surviving spouse under the Policy. Doc. Nos. 1-1; Doc. No. 36 ("Plaintiff's claims was [sic] based strictly on 5 U.S.C. § 8705"); *see also* Doc. No. 25 (finding under 5 U.S.C. § 8701 et seq., as

1

surviving spouse of the insured, Plaintiff was entitled to receive the full amount of the insurance proceeds payable by reason of death of the insured).

Plaintiff seeks attorney's fees based on 28 U.S.C. § 2730, Federal Rules of Civil Procedure 54, and this Court's Local Rules[1] 54.1 (costs) and 54.2 (civil attorney's fees). As noted by Defendant, 28 U.S.C. § 2730 does not exist, and Plaintiff does not attempt to clarify this mistake on reply. The Court discusses Plaintiff's remaining grounds below.

## II. Costs under Local Rule 54.1

Local Rule 54.1 provides the required procedure for submitting costs:

> "A prevailing party seeking to recover costs pursuant to 28 U.S.C. § 1920 shall file a bill of costs *on the form provided by the clerk* and support the same with a brief. The bill of costs and brief shall be filed not more than 14 days after entry of judgment. *Any request shall be a separate document from a motion for legal fees.*"

LCvR54.1 (emphasis added). Plaintiff has not submitted her costs in the proper format because (1) they are not on the form provided by the clerk and (2) they are contained within a motion for legal fees. Accordingly, her request for costs is DENIED.[2]

## III. Civil Attorney's Fees under Federal Rule 54 and Local Rule 54.2

A party seeking attorney's fees under Federal Rule 54 must, among other things, "specify the judgment and the statute, rule or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(ii). Plaintiff asserts that, as the prevailing party, she is

---

[1] Plaintiff identifies these as "Federal Rules," but there are no such enumerated federal rules. Accordingly, the Court presumes Plaintiff intended to reference Local Rules 54.1 and 54.2.
[2] Plaintiff claims that she has complied with Local Rule 54.1 by "conferring with counsel for Defendant and submitted a copy of the bill of costs and attorneys' fees application and affidavit on February 15, 2016." Doc. No. 27, at, 2. The Court sees no bill of costs filing on its docket. Further, by Plaintiff's own representation, the bill of costs was intertwined with its "attorneys' fees application," and is therefore noncompliant with the Local Rule, as discussed *supra*.

entitled to fees under 36 Okla. Stat. § 3629(B), and "the 1987 Amendment 70(E)" to a prior version of the policy.

Amendment 70(E) is not a basis for recovery. Plaintiff provides language from Amendment 70(E) permitting recovery "in the amount of . . . the benefit claimed, plus reasonable attorney's fees as set by the Court."[3] Doc. No. 36, at 2. As Plaintiff's counsel was made aware by the United States Office of Personnel Management, Amendment 70(E) was an amendment to a version of the Policy that is no longer in effect. Doc. No. 39-2. The current Policy provides that "no . . . attorneys' fees shall be recoverable under the FEGLI Program." Doc. Nos. 29-1, at 20 (Section 1.17).

The question then remains whether Plaintiff may nevertheless recover attorney's fees under § 3629(B). Defendant argues, and the Court agrees, that Plaintiff cannot recover attorney's fees because FEGLIA preempts the state statute. FEGLIA contains an express preemption provision:

> The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any law of any State or political subdivision thereof, or any regulation issued thereunder, which relates to group life insurance to the extent that the law or regulation is inconsistent with the contractual provisions.

5 U.S.C. § 8709(d)(1). The Policy also includes a preemption provision, and a provision excluding attorney's fees:

---

[3] In support of this argument, Plaintiff represented that 2005 WL 3554519, and the quote she provides therefrom, was an order from the Northern District of Georgia in the case of *Gilbert v. Green et al.*. Doc. No. 36, at 2. However, the citation is in fact to a brief submitted by the defendant in that case. The Court presumes this was a mistake but reminds Plaintiff and her counsel to exercise diligence when presenting legal authority.

3

> The Act, Regulations, and this Contract supersede and preempt any law or regulation of any State which relates to the provision and administration of group life insurance, including but not limited to the payment of benefits or any other matter which relates to the Contractor's review, processing, or administration of a claim.
>
> . . .
>
> In any action at law or in equity that relates to the FEGLI Program, the claimant will be limited in the amount of recovery to the benefit that would be payable under the FEGLI Program. No extra-contractual, punitive, compensatory, consequential damages, or attorneys' fees shall be recoverable under the FEGLI program.

Doc. No. 29-1, at 12 (Section 1.3(d)), 20 (Section 1.17). Taken together, FEGLIA and the Policy language expressly preempt Plaintiff's state-law claim for attorney's fees. *See Hajdu v. Metro. Life Ins. Co.*, 2015 WL 2106129, at *6 (W.D. Pa. May 6, 2015) (FEGLIA preempted state-law bad faith statute).

There do not appear to be other cases addressing § 3639(B) in the context of a FEGLIA action. However, the Tenth Circuit has found that an act with similar language, the Federal Employee Health Benefits Act ("FEHBA"), preempted § 3629(B). *Bryan v. Office of Pers. Mgmt.*, 165 F.3d 1315, 1320 (10th Cir. 1999) (affirming denial of attorney's fees on preemption grounds). Under FEHBA, if a state or local law which regulated health insurance is inconsistent with the benefit plan's language, then the plan language controlled. *Id.* (citing 5 U.S.C. § 8902(m)(1)). The benefits plan in *Bryan* contained language that was similar to, although not as explicit as, the Policy language, limiting recovery to "the amount of contract benefits in dispute, plus simple interest and court costs." *Id.* This language, the Tenth Circuit found, was inconsistent with the award of cost and fees to the prevailing party in an insurance dispute under § 3629(B). *Id.*

4

Therefore the plan preempted the statute. *Id.* The conclusion that FEGLIA preempts § 3629(B) is consistent with the analysis in *Bryan*.

Plaintiff cites to cases that do not involve the issue of whether attorney's fees are permissible under FEGLIA and the current version of the Policy. *See* Doc. Nos. 27, at 2 (*Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989) (case involving attorney's fees under 42 U.S.C. § 1988); 36, at 2 (citing *Hall v. Cole*, 412 U.S. 1 (1973) (case involving fees under court's equitable powers in Labor Management Reporting and Disclosure Act case); *Handley v. Lyons*, 475 S.W.2d 451 (Mo. Ct. App. 1971) (discussing fees under 1954 version of the Policy)). These cases do not involve the questions of contract interpretation or preemption that were before this Court and are therefore inapplicable.

## IV. Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Motion, Doc. No. 27.

IT IS SO ORDERED, this 16th day of May, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE